IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

DWAYNE LEO MANKE, )
 )
         Plaintiff, )
 )
  v. ) Case No. 10-1027-WEB
 )
BILL HUMENCZUK, E. EUGENE )
HARRISON, LINDA PARKER )
MARSHALL, FRANCES REDDIS, all )
as agents for the United States )
of America, )
 )
         Defendants. )

MEMORANDUM AND ORDER

The United States has filed a Motion to Dismiss (Doc. 7) the Plaintiff's claims. For the stated reasons in this Order, the motion is granted.

I. <u>Case History</u>

The Plaintiff filed a complaint to quiet title to real property in Rice County, Kansas. The four individuals named are or were employed by the United States Attorney at one point. The Complaint alleges that the Plaintiff is the owner and entitled to possession of the property located at 560 First Road, Ellinwood, Kansas 67526. The Plaintiff alleges that any claim by the named parties is adverse to his claim. The Plaintiff seeks a declaration that the title to the subject property is vested in Plaintiff alone and that the Defendants be enjoined from asserting any estate, right, title or interest in the subject property.

The Motion to Dismiss sets out the facts that led to the filing of this case, which are not disputed by the Plaintiff. The court will not restate all the facts, but will summarize the facts to establish an understanding of the suit. On February 22, 2005, Norma Manke, the Plaintiff's

1

wife, was sentenced in the United States District Court for the Western District of Missouri for the offense of selling unregistered securities in violation of 15 U.S.C. § § 77e(a)(1) and 77x. Ms. Manke was ordered to make restitution in the amount of $1,010,850.75. The United States filed an Application for a Writ of Execution Regarding Certain Real Estate Located in Rice County, Kansas to enforce the judgment against Norma Manke. The application recognized Dwayne Manke as an innocent spouse. Mr. Manke was provided 20 days to claim an interest in the property. The Plaintiff did not notify the court that he claimed an interest to the property that was superior to the interest claimed by the United States. On May 29, 2008, the United States District Court for the Western District of Missouri issued an Order finding that the Application for Writ of Execution met the statutory requirements and directing that the Writ be issued to the United States Marshal for the District of Kansas. The Writ of Execution related to the five tracts of real property at issue in this case. The Writ of Execution, the Order granting the Writ, and the Notice of Levy were served upon Dwayne Manke on July 18, 2008. The Plaintiff never filed an objection to the Applications for Writ of Execution or the Order. The five tracts of real property were sold at auction at the direction and authority of the United States Marshal on January 25, 2010. Prior to the sale, notice was provided to Manke.

II. Defendant's Motion

Defendant filed the Motion to Dismiss arguing that Manke has failed to state a claim upon which relief can be granted, and that the case is barred by res judicata. The motion states that the individual defendants have never asserted and do not now assert any interest in their individual capacities in the property described. Therefore, Manke has failed to assert a cause of action against the individual defendants and they should be dismissed as party defendants. The

motion also argues that the action against the United States should be dismissed on the doctrine of res judicata, as a final judgment, the Order granting the Writ, was filed on the same issue, and involving the same parties.

The court issued a Show Cause Order, directing Manke to respond to the Motion to Dismiss. On June 28, 2010, Manke filed a document which directed the court to establish how it had jurisdiction over this matter. Manke did not reply to the merits of the motion.

III. Jurisdiction

Manke originally filed this action in Rice County, Kansas. The United States removed the case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § § 1442 and 1446. 28 U.S.C. § 1442 provides: "A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." The right of removal is "absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." Willingham v. Morgan, 395 U.S. 402, 406 (1969). Section 1442 should be interpreted broadly to fully protect the important governmental interests involved and to allow the federal government to protect itself. Becenti v. Vigil, 902 F.2d 777, 779 (10th Cir. 1990).

Manke relies on State of Rhode Island v. Com. of Massachusetts, 37 U.S. 657 (1838) to

3

argue that the court does not have jurisdiction over this case. The Plaintiff's reliance on this case is greatly misconstrued. Rhode Island concerned the settlement of the boundary line between the parties and a dispute whether the court had jurisdiction to hear the case. The court found that jurisdiction is based on two things. First, the party or the subject of the suit must be one to which the judicial power of the government extends, as defined by the constitution. Secondly, there must be some rule by which the court can decide the rights of the parties. Id. at 671-72. The court went on to state that the judicial power does not reach to all possible controversies to which the United States is a party. Id. at 673. As discussed earlier, section 1442 is an act of Congress specifically providing the United States District Court with jurisdiction over matters involving the United States or its agents. Therefore, jurisdiction is properly before this court.

IV. Standard

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)). Furthermore, "all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). Documents attached to the complaint are considered as part of the pleadings. Tal v. Hogan, 453 F.3d 1244, 1264 n. 24 (10th cir. 2006).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must look for "plausibility in the complaint." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). Under this standard, a complaint must include "enough facts to state a claim to relief that

is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The possibility that plaintiff could prove some facts in support of the pleaded claims is insufficient, the court must believe the plaintiff has a reasonable likelihood of showing factual support for the claims.  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).  The plaintiff must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss.  Bell Atlantic Corp. at 570.

     Usually, when the court considers matters outside the complaint in a motion to dismiss, such as an affirmative defense based on res judicata, the court should consider the motion under Rule 56.  Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965).  In Miller, the Court reversed the district court's order of dismissal, finding that although "Shell properly raised the defense of res judicata by motion," the court must have considered evidence outside of the complaint, which was error.  Id.

     A number of cases have found that res judicata is properly raised by a motion to dismiss.  See Kay v. Bemis, 2009 WL 347427 (D.Utah, 2009); Gass v. U.S., 4 Fed.Appx. 565 (10th Cir. 2001).  In the Kay case, the court relied on a First Circuit case in finding that "where the substantive rights of parties are not endangered, a district court may in its discretion consider *res judicata* issues raised by motion to dismiss, rather than by the more usual form of an answer to a complaint."  Kay at 3, citing Limerick v. Greenwald, 666 F.2d 733, 736 (1st Cir. 1982).

     The Tenth Circuit has set forth two exceptions to the rule prohibiting the court from reviewing documents outside the complaint.  County of Santa Fe, N.M. v. Public Service Co. Of N.M., 311 F.3d 1031, 1035 (10th Cir. 2002).  One exception allows the district court to consider documents referred to in the complaint if they are central to the plaintiff's claim and no party

disputes the documents authenticity.  Id.  The court is also allowed to take judicial notice of facts that are a matter of public record.  Tal v. Hogan, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006). However, it should be noted the Eleventh Circuit has placed restrictions on the ability of the court to consider documents outside the complaint, finding that "the documents may only be considered to show their contents, not to prove the truth of the matters asserted therein."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

The Tenth Circuit found in GFF Corp v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1385 (10th Cir. 1997), that if the documents are central to the plaintiff's complaint, the defendant may submit a copy of the documents, otherwise, "a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."  Id.  In Merswin v. Williams Companies, Inc., 364 Fed.Appx. 438 (10th Cir. 2010), the Tenth Circuit relied on a Fourth Circuit case, and found that when the district court is considering the defense of res judicata in a motion to dismiss, the court can take judicial notice of records in a prior case involving the same parties.  Id., citing Q Int'l Curier, Inc. v. Smoak, 441 F.3d 214, 216 (4th Cir. 2006).

This court determined that when considering the defense of res judicata a motion under Rule 12(b)(6), the "court may also consider and take judicial notice of matters in the public record.....at least where the facts from those records are undisputed."  Northern Natural Gas Co. v. L.D. Drilling, Inc., 2009 WL 3739735, at *7  (D.Kan. November 6, 2009).

Based on the above cases, the court finds that the documents provided by the defendant in the motion to dismiss, which consist of the court records of the writ of execution on the property which is the subject matter of this case, are central to the plaintiff's claims as set out in

6

the complaint. Neither party has objected to the prior records or the authenticity of the prior records. Therefore, the court takes judicial notice of the public records of a prior case that involved the same parties.

V. Discussion

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards, 314 F.3d 501, 503-04 (10th Cir. 2002). Claim preclusion applies when three elements exist. First, a final judgment on the merits in an earlier action. Second, identity of the parties or privies in the two suits. Third, identity of the cause of action in both suits. MACTEC Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005). However, even if the three requirements are met, res judicata should not apply if the party did not have a "full and fair opportunity to litigate." Yapp v. Excel Corp., 186 F.3d 1222, 1226 n. 4 (10th Cir. 1999).

The prior action came to a final judgment on the merits on the writ of execution filed by the United States. After service of the Writ on the appropriate parties, including Manke, the United States Distrcit Court for the Western District of Missouri entered an Order granting the Writ. An order becomes a final judgment when the parties do not seek reconsideration of or appeal the order. Clark v. Haas Group, Inc., 953 F.2d 1235, 1238 (10th Cir. 1992). The second element is met as the parties of the suit are the same. Although Manke's spouse was the named party in the criminal case, it is clear that he was identified as a person with a possible interest in the property, and that he was served with the writ and the order.

The third element, identity of the cause of action, is satisfied. The first suit was a suit filed by the United States against the Plaintiff's spouse and the Plaintiff. The first suit was an

7

action by the United States to enforce the judgment of restitution entered against the Plaintiff's spouse. To enforce the judgment, the United States filed a writ regarding the five tracts of real property in Rice County. The Writ was granted and the United States sold the five tracts of land. Manke was recognized as an innocent spouse and provided an opportunity to claim his interest in the property. He did not do so. Then Manke filed this action for quiet title to the same property.

To determine if the suits are the same cause of action for res judicata the court should determine if the first cause of action encompassed "all right of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Wilkes, 314 F.3d at 504. Both suits concern the rights of Manke in regard to the same five tracts of land. In the first suit, Manke was provided an opportunity to claim an interest in the property. He did not do so. In this case, Manke is attempting to quiet title to the same five tracts of land, or assert his interest in the land. This remedy was available in the first action.

The court finds that all three elements of res judicata are met. The court also finds that Manke was provided an opportunity to litigate or claim his interest in the first action. He failed to do so. The Tenth Circuit has stated "[R]edetermination of the issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1334 (10th Cir. 1988). "Often, the inquiry (into fundamental fairness) will focus on whether there was significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1521 (10th Cir. 1990). Manke does not

raise an issue concerning his right to litigate in the prior case. The documentation provided by the United States clearly shows that Manke was provided numerous opportunities to assert his interest in the property, or to object to the proceedings. He did not do so. The court therefore finds that res judicata precludes this action.

VI. Conclusion

IT IS THEREFORE ORDERED, based on the reasons set forth above, the United States Motion to Dismiss (Doc. 7) is GRANTED.

IT IS ORDERED that Dwayne Leo Manke recover nothing, the action be dismissed on the merits, and the defendant United States recover costs from the plaintiff Dwayne Manke.

IT IS ORDERED the clerk enter Judgment accordingly.

SO ORDERED this 13th day of August, 2010.

s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge